## ALFRED H. TEIG v. NICHOLAS LINSTER AND ANOTHER.[1]

October 14, 1921.

No. 22,437.

**Reformation of contract — loss of building — omission in written contract.**
    1. The evidence sustains the findings that in the agreement for the sale of a farm there was a provision that the vendors should bear the loss if any buildings thereon should be destroyed before possession was delivered to the vendee, and that such provision was omitted from the written contract through mutual mistake.

**Admission of testimony.**
    2. There was no error in the admission of certain testimony.

Action in the district court for Nicollet county to reform a contract for the sale of land. The opinion states the facts. The case was tried before Olsen, J., who made the findings mentioned in the third paragraph of the opinion. Defendants' motion to amend the findings and

[1]Reported in 184 N. W. 609.

conclusions or for a new trial, was denied.   From the judgment entered pursuant to the order for judgment, defendants appealed.   Affirmed.

*H. L. & J. W. Schmitt & H. W. Volk,* for appellants.

*Haycraft & McCune,* for respondent.

HOLT, J.

Action for the reformation of a contract for the sale and purchase of a farm.   The relief asked was granted, and defendants appeal from the judgment, their motion for a new trial or amended findings having been denied.

Defendants agreed to sell their farm to plaintiff, and on April 12, 1920, they, with plaintiff, went to an attorney to have the agreement reduced to writing and executed.   While the contract was being prepared, or just prior to affixing the signature of the parties, the attorney deemed it his duty to advise the parties that under the circumstances of that deal the vendors would have to bear the loss, should the buildings be lost or damaged through fire or other cause.   Plaintiff said nothing, but a daughter of defendants, who was there to assist them, demurred to this.   Then, at the suggestion of the attorney that they could protect themselves by insurance, and, after consulting with defendants, she stated that it was all right and they would take out additional insurance.   There is no contradiction on this point, except that the daughter testified that she did not consult with defendants, and they testified they did not hear or understand that the attorney made the statement mentioned.   The defendant Mr. Linster was somewhat hard of hearing.   Both he and his wife were well advanced in years and understood and spoke the English language with some difficulty.   An agent with whom defendants had listed the farm for sale and another person who had assisted him were also present, and heard what was said when the contract was drawn and signed.   Both corroborate plaintiff's claim.

The court found that it was understood and agreed at the time of making the contract, and before signing the same, that the premises described in said contract were to be delivered to plaintiff March 1, 1921, in the same condition as they were on April 12, 1920, reasonable wear and tear excepted, and that any loss or damage to buildings on said

premises before March 1, 1921, should be borne by defendants. And also that by mutual mistake and inadvertence of the parties and because they did believe and understand that the contract as made did so obligate the defendants, the provision above stated was omitted from the contract.

The main contention of appellants is that the evidence does not sustain the findings mentioned. We have examined the record attentively, having in mind the rule that it must be clear and convincing in order to warrant reformation, and reach the conclusion that the findings should stand. That the subject was discussed as to who should bear the loss if the buildings were destroyed before March 1, 1921, was distinctly admitted by the defendants' daughter. The proof is also quite convincing that she acceded to the proposition of the attorney. That she was there to aid and assist the defendants and that plaintiff could rely on what she consented to as their agent, is beyond controversy. That the provisions agreed upon, as found by the court, were not inserted in the contract was due to the, perhaps, mistaken notion of the scrivener that in legal effect they were embodied in the instrument he had prepared. He was acting for both parties and his mistake, if any, which all adopted by acquiescing therein, became a mutual mistake.

The authorities are not all one way that the attorney's notion of the law was wrong. 27 R.C.L. §§ 293, 295, title Vendor and Purchaser. But that is immaterial now. If the provisions were actually a part of the agreement, plaintiff is, under the circumstances, entitled to have them made a part of the written contract, whether they were or were not essential to protect him against the loss the parties had in mind. The rule applicable here is one stated in Wall v. Meilke, 89 Minn. 232, 94 N. W. 688, in these words: "If, however, the parties to an agreement, while in the process of reducing it to writing, fall into error, and the instrument, by means of a mistake of law, fails to express the contract which the parties actually entered into, equity will interfere, and grant the appropriate relief to the same extent as if the failure of the writing to express the real contract was caused by mistake of fact."

The terms of the deal made it of some importance to the parties that they have an understanding as to who should bear the loss in case of

destruction of the buildings. The vendors were to remain in possession and have the use and care of the premises for almost a year, and during that time interest did not run on the unpaid purchase price. It is true, each could protect his interest by insurance. But it was important to know who should secure this protection. The attorney, appreciating the situation, deemed it proper, and rightly so, to bring the matter to the attention of the parties. Their attention having been aroused, it is not difficult to reach the conclusion that an agreement was reached with reference thereto.

It is claimed that the court erred in admitting proof that defendants thereafter increased the insurance on the buildings. We think not. Subsequent conduct of a party in relation to a matter may throw some light as to the existence of a prior agreement with reference thereto.

The judgment is affirmed.